IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02012-BNB

BILL LASH,

Plaintiff,

v.

JAMES CASIAS, Las Animas County Sheriff Department,
REYNALDO F. SANTISTEVAN, Las Animas County Sheriff Department,
DEREK NAVARETTE, Las Animas County Sheriff Department,
ERCOLE D'EROLE III, Las Animas County Sheriff Department, and
MANUAL NAVARETTE, Las Animas County Sheriff Department,

Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Bill Lash, has filed ***pro se*** a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and a Complaint for money damages in which he complains he was falsely arrested and imprisoned and subjected to unreasonable and excessive force. Mr. Lash was granted leave to proceed pursuant to 28 U.S.C. § 1915.

The Court must construe Mr. Lash's filings liberally because he is not represented by an attorney. ***See Haines v. Kerner***, 404 U.S. 519, 520-21 (1972); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a ***pro se*** litigant. ***See Hall***, 935 F.2d at 1110. For the reasons stated below, Mr. Lash will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

The Court has reviewed the Complaint and finds that it is deficient because the

Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. ***See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas***, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. ***See TV Communications Network, Inc. v. ESPN, Inc.***, 767 F. Supp. 1062, 1069 (D. Colo. 1991), ***aff'd***, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Lash fails to provide a short and plain statement of his claims showing that he is entitled to relief or to make specific factual allegations in support of his claims. The closest Mr. Lash comes to making specific factual allegations is his reference on page 4 of the Complaint to the fact that the incident in question "occurred on September 3, 2009 at or about 9:30 am, on U.S. HWY 350, in unincorporated Las Animas County." ***See*** ECF No. 1 at 4.

For these reasons, Mr. Lash will be ordered to file an amended complaint on the

Court-approved Complaint form that provides a short and plain statement of each claim he is asserting if he wishes to pursue his claims in this action. Mr. Lash is advised that in order to state a claim in federal court he "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." ***Nasious v. Two Unknown B.I.C.E. Agents***, 492 F.3d 1158, 1163 (10th Cir. 2007). The general rule that ***pro se*** pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." ***Garrett v. Selby Connor Maddux & Janer***, 425 F.3d 836, 840 (10th Cir. 2005).

Personal participation is an essential allegation in a civil rights action. ***See Bennett v. Passic***, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Lash must show that each Defendant caused the deprivation of a federal right. ***See Kentucky v. Graham***, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. ***See Butler v. City of Norman***, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant, such as James Casias, sheriff of Las Animas County, may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. ***See Ashcroft v. Iqbal***, 129 S. Ct. 1937, 1948 (2009). Furthermore,

> when a plaintiff sues an official under . . . § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but

> that the official by virtue of his own conduct and state of mind did so as well.

***See Dodds v. Richardson***, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting ***Iqbal***, 129 S. Ct. at 1949). Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." ***Id***. at 1199. Accordingly, it is

ORDERED that Plaintiff, Bill Lash, file, **within thirty (30) days from the date of this order**, an Amended Complaint that complies with the pleading requirements of Fed. R. Civ. P. 8(a) as discussed in this order. It is

FURTHER ORDERED that Mr. Lash shall obtain and use the Court-approved Complaint form, along with the applicable instructions, located at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. Lash fails to file an Amended Complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED November 2, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge